### MOLLIE E. CROSS ET AL. V. R. PETERSON.

(No. 1308, Op. Book No. 2, p. 251.)

ERROR from Lamar County. Opinion by WATTS, J.

§ 1028. *Jurisdiction of county court as to amount; due order of pleading.* Appellee sued appellants upon a rental contract for the rent of houses, the lease being for the term of one year for $800, payable monthly *pro rata*. At the time of the institution of the suit but $70 of the rent was due. A distress warrant was sued out and levied upon property, etc. Appellants pleaded that the county court had no jurisdiction of the amount in controversy. This plea was overruled, when appellants then pleaded in reconvention for damages for the wrongful suing out of the distress warrant. Appellee excepted to this plea because it was not filed in the due order of pleading, and it was stricken out. Appellee amended his petition, and alleged that since the institution of the suit more of the rent had become due, and that the amount then due was $266. *Held*, 1. That the county court had no jurisdiction of the amount in controversy, that is, the amount of rent that was due at the time of the institution of the suit, and that this want of jurisdiction was apparent upon the face of the plaintiff's petition, and the court should have dismissed the suit upon its own motion, even if there had

been no plea to the jurisdiction.  2. It would be more in consonance with the statute to file all defenses at the same time.  However, we see no real purpose to be subserved, or good to be obtained, by refusing to allow a defendant to file his defenses at any time before judgment by default has been taken against him, provided that it is done at a time and under circumstances that will work no surprise or injury to the other party.  The great beauty and merit of our system of jurisprudence is its liberality in pleading and amendment so as to reach a trial upon the merits of each case.

March 9, 1881.                    Reversed and remanded.